THOMAS E. BIRCH, Respondent, v. GLASGOW SAV-
INGS BANK, Appellant.

Kansas City Court of Appeals, December 4, 1905.

1. **MASTER AND SERVANT: Servant's Vacation: Consent of Di-
rectory: Evidence.** Where a servant of a bank asks a vacation
with a continuation of his salary and is later notified by the
president that it has been granted, he does not have to prove,
when suing for his salary, that the request was granted by the
record of the board meeting, especially when a portion of the
salary has been paid, which act raises the presumption that the
managing officers knew the absence was by permission.

2. ———: ———: ———: **Consideration.** Agreement to pay a
servant's salary during vacation is not to be treated as a gift,
and the fact that future services are to be rendered is a suffi-
cient consideration.

Appeal from Howard Circuit Court.—*Hon. A. H. Wal-
ler,* Judge.

AFFIRMED.

*Shackelford & Denny, A. W. Walker* and *W. M.
Williams* for appellants.

(1) Under the law, clearly there is given no power
to directors to make any contract for the payment of any
officer for services not performed. If such is the law, then
any contract to give wages for such unearned services
are clearly void for want of consideration. Hence, in
the case of Ward v. Hartley, 178 Mo. 145, it is said "when
an agreement has no legal consideration to support it, it
cannot be made the basis of a cause of action nor of an
affirmative defense." 8 Ency. of Law, page 1309; Fuller
v. Burnes, 52 Mass. 440; Skinner v. Young, 106, Mo.
App. 619; Eyerman v. Cemetery Association, 61 Mo. 489;
Zrats v. Ballantine, 36 Mo. 560. (2) By reference to
section 1294, it will be seen that directors of banking in-

stitutions, contrary to the power given to other corpora-
tions, "may appoint and remove officers at pleasure. If
void, how can such a contract be enforced? Observe,
also, that no damages can be collected for a wrongful dis-
charge. Construction Co. v. Iron Works, 169 Mo. 137;
Bennett v. Car & Roofing Co., 23 Mo. App. 587; Reeves
v. Watkins, 27 Mo. 517; Sherman v. Transit Co., 31 Ver-
mont 162; Augustus & Erwin v. Railroad, 24 Mo. App.
114; Stone v. Vermonth, 7 Mo. App. 277. (3) The evi-
dence discloses the fact that under the peculiar circum-
stances of the case, even if plaintiff is correct in his
statement, the president had no power to bind the bank.
1 Morse on Banks and Banking, sec. 144, (4 Ed.), and
the cases cited; Keene v. Casualty Co., 91 Mo. App. 120;
Chenowith v. Express Co., 93 Mo. App. 185; Chouteau
v. Allen, 7 Mo. 290; Winsor v. Bank, 18 Mo. App. 665;
Hyde v. Larkin, 35 Mo. App. 365; Hotel v. Furniture
Co., 73 Mo. App. 135.

*Percival Birch* and *Virgil Conkling* for respondent.

(1) The president of a corporation may, without
express authority, do any act necessary to carry on the
ordinary business of the corporation. Lewis v. Publish-
ing Co., 77 Mo. App. 434; Degnan v. Thoroughman, 88
Mo. App. 62; Roth v. Wire Co., 94 Mo. App. 436; Strip-
ling v. Maguire, 108 Mo. App. 594; Sparks v. Dispatch
Co., 104 Mo. 531; Roe v. Bank, 167 Mo. 406. (2) Aside
from the president giving the vacation, it had grown to
be a usage and custom in the bank for employees to take
vacations and receive their compensation during such
absence, and appellant is now estopped by a line of con-
duct recognizing such acts. Winsor v. Bank, 18 Mo.
App. 665; Hyde v. Larkin, 35 Mo. App. 370; Burris v.
Bank, 70 Mo. App. 679; Marshall v. Bank, 76 Mo. App.
92; Morgan v. Railroad, 159 Mo. 262. (3) During re-
spondent's absence, appellant held him out to the pub-
lic as its assistant cashier and in special charge of one
of its departments, continuing the use of his name and

prestige, which was a benefit to appellant and sufficient consideration to support this action. Given v. Corse, 20 Mo. App. 132; German v. Gilbert, 83 Mo. App. 411; Chenoweth v. Express Co., 93 Mo. App. 185; Carr v. Card, 24 Mo. 513.

JOHNSON, J.—Plaintiff, who had been continuously employed by defendant, a state bank, for a period of twenty-four years, first as bookkeeper, and then as assistant cashier, fell ill and was advised by his physician to rest from work for thirty or forty days. Accordingly, he asked the president of the bank to grant him a vacation for thirty days without loss of pay. The request was favorably received, and on the suggestion of plaintiff, the president agreed to have action taken upon it by the board of directors. A day or two after this the president informed plaintiff that the board had met and granted the request, and plaintiff at once left for Kansas City to visit his sister. His vacation began about the 15th of January, 1904, and at the end of that month he was paid his salary therefor without any deduction on account of absence. When the period for which he asked leave of absence was about to expire he wrote the president, asking that his vacation be extended for two weeks on account of the condition of his health. The president promised to lay the matter before the board of directors, and on the 18th of February notified plaintiff that the board had decided to dispense with his services. Defendant refused to pay salary for the month of February, and plaintiff brought this suit upon his demand therefor. At the trial defendant offered no evidence, and at the conclusion of that introduced by plaintiff, asked and was refused an instruction in the nature of a demurrer to the evidence. Under the direction of the court the jury returned a verdict for plaintiff in the sum of seventy-five dollars, the amount of salary that had accrued at the date of plaintiff's discharge, and

judgment was entered for that amount, from which defendant appealed.

Defendant contends that, because plaintiff undertook to obtain the consent of the board of directors to his absence, he must prove by competent evidence, that is, by the record of the meeting, that formal action was taken by the board upon his request, and as he has not done this he must be held to have failed in his proof. The somewhat elaborate argument built by defendant upon this omission does not impress us at all. Without noticing the specific points made we will say that, if they carried with them any plausibility, they would avail defendant nothing. From the fact alone that some two weeks after plaintiff entered upon his vacation the bank paid him his salary for the time he had then been absent, without objection, the presumption must be indulged that the managing officers of the bank, who had jurisdiction over the matter, knew that his absence was by permission and ratified the act of the president in granting it.

Further, it is urged that as plaintiff performed no services during the eighteen days in question, the agreement to pay him salary for them was without consideration and must be treated as an unexecuted gift and one that the bank had no authority to make. The agreement to pay salary during the vacation period is not to be treated as a gift, and it was based upon a sufficient consideration. While it is true that under the provisions of Revised Statutes 1899, section 1294, the board of directors had the right to discharge plaintiff at any time, and that under a rule of the bank the employment of all of its officers and employees was considered as being from month to month, the employment of plaintiff was nevertheless continuous, and when he left upon his vacation it was the understanding of both parties that, at the termination thereof, he would return to the performance of his duties. Defendant doubtless thought that through the restoration of the health and energy of

plaintiff it would derive a direct benefit from the increased efficiency of his future service, but however this may be, the mutual understanding and intention that future services were to be rendered was a sufficient consideration to support the agreement.

Other points made are found to be devoid of merit. The case was tried without error, and the judgment is affirmed. All concur.